**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARK FAUCETTE,

                Plaintiff,

-vs-                                             Case No. 8:04-cv-2185-T-24EAJ

NATIONAL HOCKEY LEAGUE and
ANDREW VAN HELLEMOND, individually
and in his capacity of Director of Officiating
for the National Hockey League,

                Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff's Appeal of the Magistrate Judge's Order Denying Plaintiff's Motion to Compel Responses to Discovery, Or In the Alternative, To Extend Discovery, Or In The Further Alternative, To Shorten Time for Defendant to Respond to Written Discovery, and Plaintiff's Emergency Motion to Compel Production of Documents at Rule 30(b)(6) Depositions (Doc. No. 54). The Court construes Plaintiff's appeal as objections to the Order pursuant to Fed. R. Civ. P. 72 (a). Defendant National Hockey League ("NHL") filed a response in opposition thereto (Doc. No. 61).

**I.     Background**

On September 26, 2005, during a telephonic hearing on Defendant NHL's motion for extension of time to complete discovery and motion to compel, Plaintiff made an oral motion to extend the discovery period. Magistrate Judge Jenkins denied Plaintiff's oral motion. Also on September 26, 2005, Plaintiff requested a one week extension of the discovery cut off from September 30, 2005 to October 7, 2005, or in the alternative, an order compelling Defendant

NHL to produce documents requested in Rule 30(b)(6) notices[1] (Doc. No. 34).[2]  On September 27, 2005, Magistrate Judge Jenkins entered a written Order denying Plaintiff's oral motion for an extension of the discovery period and an endorsed Order denying as moot Plaintiff's motion to compel (Doc. Nos. 35 and 36).  With respect to Plaintiff's oral motion for an extension of the discovery period, Magistrate Judge Jenkins found "Plaintiff failed to demonstrate good cause for such relief" (Doc. No. 35).

On October 3, 2005, Plaintiff filed Plaintiff's Motion to Compel Responses To Discovery, Or In The Alternative, To Extend Discovery, Or In the Further Alternative, To Shorten Time for Defendant To Respond to Written Discovery (Doc. No. 43).  On October 12, 2005, Plaintiff appealed Magistrate Judge Jenkins' orders denying his oral motion for an extension of the discovery period and denying as moot his motion to compel (Doc. No. 47).  In his appeal, Plaintiff requested the Court stay action on this appeal "in order to allow the issues addressed herein to be considered by Magistrate Judge Jenkins on a complete record and in light of the current circumstances."  On October 13, 2005, Plaintiff filed an Emergency Motion to Compel Defendant to Produce Requested Documents at Rule 30(b)(6) Depositions (Doc. No. 48).  Since there were two motions pending before Magistrate Judge Jenkins which encompassed largely the same subject matter as Plaintiff's appeal, this Court denied Plaintiff's appeal without prejudice with leave for Plaintiff to re-file an appeal as necessary (Doc. No. 49).

---

[1] In accordance with Fed. R. Civ. Pro. 30(b)(5).

[2] The Court notes that Plaintiff's motion was contained within the same document as his response to Defendant NHL's motion for extension of time to complete discovery and motion to compel, and was apparently not before Magistrate Judge Jenkins at the time of the hearing (Doc. Nos. 33 and 34).  Despite being signed up to file electronically via CM/ECF, Plaintiff's counsel filed this document in paper format.

On October 14, 2005, Magistrate Judge Jenkins denied Plaintiff's Motion to Compel Responses To Discovery, Or In The Alternative, To Extend Discovery, Or In the Further Alternative, To Shorten Time for Defendant To Respond to Written Discovery (Doc. No. 43) and Emergency Motion to Compel Defendant to Produce Requested Documents at Rule 30(b)(6) Depositions (Doc. No. 48)(Doc. No. 50).

**II.     Standard of Review**

Upon entry of an order in a pretrial matter not dispositive of a claim or defense, a party may object to such an order.  See Fed. R. Civ. P. 72(a).  Once the objection and any response have been entered, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  "A magistrate judge's decision on discovery motions is not subject to a *de novo* determination as is a report and recommendation." Featherston v. Metro. Life Ins. Co., 223 F.R.D. 647, 651 (N.D. Fla. 2004)(citing Merritt v. Int'l Bhd. of Boilermakers, 649 F. 2d 1013, 1017 (5th Cir. 1981)).

**III.    Discussion**

In denying Plaintiff's motions, Magistrate Judge Jenkins stated "Plaintiff presents no new arguments that have not been addressed already by the court" (Doc. No. 50).  Plaintiff's objection to Magistrate Judge Jenkins' October 14, 2005, Order is based largely on his contention that Magistrate Judge Jenkins' ruling failed to specifically address the four arguments Plaintiff submitted in support of his motions to compel Defendant NHL to respond to his discovery requests.  The Court notes that Plaintiff's objection to Magistrate Judge Jenkins' October 14, 2005, Order does not address the clearly erroneous or contrary to law standard of

review, rather it is largely repetitive of the arguments already made to and considered by Magistrate Judge Jenkins.

Magistrate Judges are afforded broad discretion in resolving discovery disputes. See 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997). Furthermore, "[t]he standard for overturning a Magistrate Judge's Order is a very difficult one to meet." NAACP v. Florida Dept. of Corrections, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000). Magistrate Judge Jenkins clearly considered "Plaintiff's Rule 34, Fed. R. Civ. P., discovery requests and Plaintiff's requests pursuant to Rule 30(b)(5), Fed. R. Civ. P." as untimely (Doc. No. 50). Furthermore, Magistrate Judge Jenkins previously found that Plaintiff had failed to demonstrate good cause for a one-week extension of discovery (Doc. Nos. 35 and 50). There is no requirement that an order denying a motion to compel contain factual findings or legal analysis. Plaintiff has not meet his burden under Rule 72(a) of showing that Magistrate Judge Jenkins' October 14, 2005, Order was clearly erroneous or contrary to law.

**IV.** **Conclusion**

Accordingly, Magistrate Judge Jenkins' October 14, 2005, Order denying Plaintiff's Amended Motion to Compel or For Enlargement of Time and Plaintiff's Emergency Motion to Compel Production of Documents (Doc. No. 50) is **AFFIRMED**, and Plaintiff's appeal of Magistrate Judge Jenkins' Order (Doc. No. 54) is **DISMISSED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of December, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record