UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK FAUCETTE,

       Plaintiff,

-vs-                  Case No. 8:04-cv-2185-T-24EAJ

NATIONAL HOCKEY LEAGUE and
ANDREW VAN HELLEMOND, individually
and in his capacity of Director of Officiating
for the National Hockey League,

       Defendants.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Defendant National Hockey League's ("NHL") Motion to Tax Costs (Doc. No. 76). Plaintiff filed a response in opposition thereto (Doc. No. 77).

**I.  Procedural Background**

On October 1, 2004, Plaintiff filed this action against Defendant NHL asserting claims for unlawful discrimination based on national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.* (Count I), 42 U.S.C. §1981 (Count II), and the Florida Civil Rights Act of 1992, FLA. STAT. §760.01, *et seq.* ("FCRA")(Count III)(Doc. No. 1). On January 27, 2006, this Court entered an Order granting Defendant NHL's motion for summary judgment and directed the Clerk to enter judgment in favor of Defendant NHL and to close the case (Doc. No. 74). On January 30, 2006, judgment was entered in favor of Defendant NHL (Doc. No. 75). On February 13, 2006, Defendant NHL filed the instant motion which

seeks $5,572,58 in costs.  Specifically, Defendant NHL seeks reimbursement for the following expenses: (1) $4,786.70 for costs for depositions, including transcript and court reporter expenses; and (2) $785.88 for reproduction expenses.[1]

## II.     Standard of Review

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs "shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."  In accordance with Title 28 U.S.C. § 1920, the Court may tax the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in this case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in this case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

After the prevailing party files a verified bill of costs with the clerk, the opposing party may object.  The objecting party has the burden to show that circumstances are such that an award of costs is not warranted in a particular case.  See Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001); see also 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668 (3d ed. 1998).  A court has discretion to refuse to tax costs in favor of a prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

---

[1] The Court notes that Defendant NHL filed its Bill of Costs as an attachment (Exh. A) to its motion rather than as a separate document.  Accordingly, the clerk did not tax costs on one day's notice pursuant to Fed. R. Civ. P. 54(d).  "The district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk."  Prison Legal News v. Crosby, 2005 WL 2372170, *2 (M.D. Fla. 2005)(citations omitted).

437, 442 (1987). However, a court does not have discretion to tax costs not allowed by statute. Id. at 445; see also U.S. EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

### III.   Discussion

Plaintiff does not dispute Defendant NHL's entitlement to costs as a prevailing party. Rather, Plaintiff objects to Defendant NHL's requested deposition expenses as excessive and objects to Defendant NHL's requested reproduction expenses on the basis that Defendant NHL fails to provide itemization and documentation. The Court will separately address each category of costs.

     A.   Costs Incidental to Depositions

Taxation of deposition costs is authorized by §1920(2). See W & O, Inc., 213 F.3d at 620 (citing United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963)). Plaintiff does not dispute that Defendant NHL is entitled to reasonable costs associated with the deposition of Plaintiff. Rather, Plaintiff argues that Defendant NHL is not entitled to recover the cost of videography of Plaintiff's deposition, cost for Realtime of Plaintiff's deposition, and that $4.50 per page for Plaintiff's transcript is excessive. Plaintiff contends that at most Defendant NHL is entitled to an award of costs in the amount of $945.00 for the fees for the stenographic court reporter and a single transcript of Plaintiff's deposition. This Court agrees in part.

While the Court could permit costs for the videotaped deposition of Plaintiff since it was noticed as such (Doc. No. 79-2), Defendant NHL fails to provide any justification for the videotaping of Plaintiff's deposition[2] in conjunction with stenographic means. Similarly, the

---

     [2]Invoice #42285 in the amount of $750.00 for the videographer's attendance at Plaintiff's deposition.

cost for Realtime[3] seems to be a cost incurred solely for Defendant NHL's convenience. Accordingly, the Court declines to award Defendant NHL these additional costs. With respect to the $4.50 per page cost for Plaintiff's deposition transcript (totaling $940.50), the Court will allow this cost as reasonable since it reflects the cost of an original of Plaintiff's deposition transcript and an additional copy, but the Court disallows the $5.00 in shipping fees.[4]

Defendant NHL also argues that it obtained the transcripts of two depositions taken by Plaintiff, namely that of Bill Daly and Colin Campbell, to utilize in support of its Motion for Summary Judgment and that these costs should be taxed. Plaintiff counters that the costs Defendant NHL seeks with respect to these depositions are higher than his costs despite the fact that he took the depositions and ordered two copies of the transcripts. Defendant NHL submitted the January 3, 2006 statement from Computer Reporting, Inc. for $1,692.50, which presumably relates to these depositions, but it fails to provide any itemization such that this Court can determine whether these costs should be taxed. The Court also notes that Defendant NHL includes an additional $488.70[5] for miscellaneous "TRANSCRIPTS & DEPOSITIONS" without identifying what these costs pertain to and, as such, the Court cannot determine whether these costs are duplicative. As such, the Court will deny without prejudice $2,181,20 in unsupported deposition costs.

Thus, the Court eliminates from Defendant NHL's costs a total of $3,423.70 related to the videographer's attendance ($750.00), Realtime ($487.50), mailing expenses ($5.00), the non-

---

[3]Invoice #42284 in the amount of $487.50 for Realtime.

[4]Invoice #42412.

[5]Invoice #642609 in the amount of $83.70 and Invoice #646207 in the amount of $405.00.

itemized statement from Computer Reporting, Inc. ($1,692.50), and the unidentified deposition costs ($488.70).

  B. Reproduction Expenses

Section 1920(4) allows recovery of costs for copies of papers necessarily obtained for use in the case, but not for those obtained for the convenience of counsel. See Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992).  The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. Id.  Defendant NHL argues that its Bill of Costs "identifies photocopying charges that Defendant incurred for creating sufficient copies of exhibits that were used at deposition, for court filings and for use in connection with the defense of this case." However, the Court notes that the bills submitted in support of Defendant NHL's requested reproduction expenses merely reference "Out-of-pocket disbursements and other miscellaneous charges" and "REPRODUCTION" and do not provide any indication as to what may have been photocopied.  As such, Defendant NHL has not adequately identified the nature of the copies.  Therefore, the Court will deny these costs totaling $785.88.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant National Hockey League's ("NHL") Motion to Tax Costs (Doc. No. 76) is **GRANTED IN PART**.  Defendant NHL is directed to file a Bill of Costs[6] by July 31, 2006, reflecting the adjusted amount of $1,363.00 for costs for depositions, including transcript and court reporter expenses.

---

[6]Using form AO 133 titled Bill of Costs, which can be located under the tab Forms & Publications at www.flmd.uscourts.gov.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of July, 2006.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record